LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: 212-400-7160
Fax: 212-400-7162
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANTIAGO HUNGRIA, on behalf of himself
and other similarly situated employees,

    Plaintiff,

v.

LOVE ON THE ROCKS, LTD.

    Defendant.

---

Judge Hellerstein

08 CV 0073

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, SANTIAGO HUNGRIA (hereinafter, "HUNGRIA" or "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendant, LOVE ON THE ROCKS, LTD. ("LOVE ON THE ROCKS" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff, HUNGRIA, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendant: (1) unpaid minimum wages, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff, HUNGRIA, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendant: (1) unpaid minimum wages, (2) liquidated damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, HUNGRIA, is a resident of Bronx County, New York.

6. Defendant, LOVE ON THE ROCKS, is a corporation organized under the laws of New York, with a principal place of business located at 306 W.37th St., Fl. 17, New York, NY 10018.

7. Plaintiff was employed by Defendant, from on or about May 2007 until on or about November 2007.

8. At all relevant times, LOVE ON THE ROCKS was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff, HUNGRIA, was directly essential to the business operated by LOVE ON THE ROCKS.

10. At all relevant times, LOVE ON THE ROCKS knowingly and willfully failed to pay HUNGRIA his lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

11. Plaintiff, HUNGRIA, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

12. In or about May 2007, Plaintiff, HUNGRIA, was hired by Defendant, LOVE ON THE ROCKS, to polish jewelry for Defendant in furtherance of Defendant's jewelry business.

13. HUNGRIA received no compensation for his final two weeks of work. He was owed $475.00 for his final week, and $367.00 for his penultimate week.

14. HUNGRIA received checks from LOVE ON THE ROCKS for those amounts, but both were returned unpaid from his bank, costing HUNGRIA an additional $20.00.

15. LOVE ON THE ROCKS has refused to pay HUNGRIA for his final two weeks of work.

16. LOVE ON THE ROCKS. knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff.

17. Plaintiff retained the Law Offices of Robert L. Kraselnik, PLLC to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

18. Plaintiff realleges and reavers Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

20. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

21. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

22. Plaintiff, HUNGRIA, worked hours for which he was not paid the statutory minimum wage.

23. At all relevant times, the Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

24. Defendant failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

25. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken

promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

26. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, HUNGRIA, minimum wages for hours worked when it knew or should have known such was due.

27. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

28. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, HUNGRIA, is entitled to liquidated damages pursuant to the FLSA.

29. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff suffered monetary damages, plus an equal amount as liquidated damages.

30. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

31. Plaintiff realleges and reavers Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

33. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

34. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid minimum wages, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HUNGRIA, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against LOVE ON THE ROCKS and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of LOVE ON THE ROCKS's willful failure to pay minimum wages pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of LOVE ON THE ROCKS's willful failure to pay minimum wages pursuant to the New York Labor Law;

f. An award of prejudgment and postjudgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 3, 2008

                            Respectfully submitted,

                            LAW OFFICES OF
                            ROBERT L. KRASELNIK, PLLC
                            *Attorneys for Plaintiff*
                            40 Wall Street, 28th Floor
                            New York, NY 10005
                            Tel.: (212) 400-7160
                            Fax: (212) 400-7162

By: _____
      ROBERT L. KRASELNIK (RK 0684)